# United States District Court
# Eastern District of Wisconsin (Green Bay)
# CIVIL DOCKET FOR CASE #: 1:22−cv−01171−WCG

| | |
|---|---|
| Brown County Taxpayers Association v. President Joseph R Biden Jr et al | Date Filed: 10/04/2022 |
| Assigned to: Judge William C Griesbach | Date Terminated: 10/06/2022 |
| Cause: 05:702 Administrative Procedure Act | Jury Demand: None |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Brown County Taxpayers Association**     represented by     **Richard M Esenberg**
Wisconsin Institute For Law & Liberty
330 E Kilbourn Ave − Ste 725
Milwaukee, WI 53202
414−727−9455
Fax: 414−727−6385
Email: rick@will−law.org
*ATTORNEY TO BE NOTICED*

**Daniel P Lennington**
Wisconsin Institute for Law & Liberty Inc
330 E Kilbourn Ave − Ste 725
Milwaukee, WI 53202
608−572−5358
Email: dan@will−law.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**President Joseph R Biden, Jr**     represented by     **Christian R Larsen**
United States Department of Justice (ED−WI)
Office of the US Attorney
517 E Wisconsin Ave − Rm 530
Milwaukee, WI 53202
414−297−1581
Fax: 414−297−4394
Email: chris.larsen@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
United States Department of Justice (DC)
Commercial Litigation − Civil Div
1100 L St NW
Washington

|  | | 202−616−8098 |
|---|---|---|
|  | | Email: robert.c.merritt@usdoj.gov |
|  | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| **Secretary of United States Department of Education** | represented by | **Christian R Larsen** |
|---|---|---|
| *Miguel A Cardona* | | (See above for address) |
|  | | *ATTORNEY TO BE NOTICED* |
|  | | |
|  | | **Robert Charles Merritt** |
|  | | (See above for address) |
|  | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| **Chief Operating Officer of Federal Student Aid** | represented by | **Christian R Larsen** |
|---|---|---|
| *Richard A Cordray* | | (See above for address) |
|  | | *ATTORNEY TO BE NOTICED* |
|  | | |
|  | | **Robert Charles Merritt** |
|  | | (See above for address) |
|  | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| **United States Department of Education** | represented by | **Christian R Larsen** |
|---|---|---|
|  | | (See above for address) |
|  | | *ATTORNEY TO BE NOTICED* |
|  | | |
|  | | **Robert Charles Merritt** |
|  | | (See above for address) |
|  | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/04/2022 | 1 | | COMPLAINT against All Defendants by Brown County Taxpayers Association. ( Filing Fee PAID $402 receipt number AWIEDC−4225915) (Attachments: # 1 Civil Cover Sheet, # 2 Summons Biden, # 3 Summons Cardona, # 4 Summons U.S. Dept. of Education)(Lennington, Daniel) |
| 10/04/2022 | 2 | | DISCLOSURE Statement by Brown County Taxpayers Association. (Lennington, Daniel) |
| 10/04/2022 | 3 | | REQUEST for Issuance of Summons by Brown County Taxpayers Association (Lennington, Daniel) |
| 10/04/2022 | 4 | | MOTION for Temporary Restraining Order by Brown County Taxpayers Association. (Lennington, Daniel) |
| 10/04/2022 | 5 | | MOTION for Preliminary Injunction by Brown County Taxpayers Association. (Lennington, Daniel) |
| 10/04/2022 | 6 | | BRIEF in Support filed by Brown County Taxpayers Association re 5 MOTION for Preliminary Injunction , 4 MOTION for Temporary Restraining Order . |

| | | | |
|---|---|---|---|
| | | | (Lennington, Daniel) |
| 10/04/2022 | | | NOTICE Regarding assignment of this matter to Judge William C Griesbach; Consent/refusal forms for Magistrate Judge Duffin to be filed within 21 days; the consent/refusal form is available here. (jcl) |
| 10/04/2022 | 7 | | NOTICE of Appearance by Richard M Esenberg on behalf of Brown County Taxpayers Association. Attorney(s) appearing: Richard M. Esenberg (Esenberg, Richard) |
| 10/04/2022 | 8 | | Magistrate Judge Jurisdiction Form filed by Brown County Taxpayers Association. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Lennington, Daniel) |
| 10/04/2022 | | | NOTICE of Hearing: Telephone Conference set for 10/5/2022 at 10:00 AM (CST) before Judge William C Griesbach regarding 4 Motion for TRO, 5 MOTION for Preliminary Injunction. The Court will initiate the call – counsel has already provided their telephone numbers to the Clerk. (cc: all counsel, via email to Attorney Charlie Merritt)(mac) |
| 10/05/2022 | 9 | | NOTICE of Appearance by Robert Charles Merritt on behalf of Joseph Biden, Jr, Chief Operating Officer of Federal Student Aid, Secretary of United States Department of Education, United States Department of Education. (asc) |
| 10/05/2022 | | | Summons Issued as to All Defendants. (mac) |
| 10/05/2022 | 10 | | NOTICE of Appearance by Christian R Larsen on behalf of All Defendants. Attorney(s) appearing: Chris R. Larsen (Larsen, Christian) |
| 10/05/2022 | 11 | | Minute Entry for proceedings held before Judge William C Griesbach: Telephone Conference held on 10/5/2022. The Court takes 4 Motion for Temporary Restraining Order and 5 Motion for Preliminary Injunction under advisement. (Tape #100522) (mac) (Entered: 10/06/2022) |
| 10/06/2022 | 12 | 5 | DECISION AND ORDER signed by Judge William C Griesbach on 10/6/2022. This case is DISMISSED for lack of standing. Plaintiff's motion for a temporary restraining order and for a preliminary injunction are DENIED as moot. Plaintiff's motion to stay pending appeal is DENIED. The Clerk is directed to enter judgment forthwith. (cc: all counsel)(Griesbach, William) |
| 10/06/2022 | 13 | 10 | JUDGMENT signed by Deputy Clerk approved by Judge William C Griesbach on 10/6/2022. (cc: all counsel)(lh) |
| 10/07/2022 | 14 | 4 | NOTICE OF APPEAL as to 13 Judgment, 12 Order, by Brown County Taxpayers Association. Filing Fee PAID $505, receipt number AWIEDC–4229289 (cc: all counsel) (Lennington, Daniel) |
| 10/11/2022 | 15 | | Attorney Cover Letter re: 14 Notice of Appeal (lh) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

BROWN COUNTY TAXPAYERS ASSOCIATION,

    Plaintiff,

    v.    Case No. 22cv1171

JOSEPH R. BIDEN, JR., *et al.,*

    Defendants.

## NOTICE OF APPEAL

As provided by 28 U.S.C. § 1291, Plaintiff Brown County Taxpayers Association hereby appeals to the United States Court of Appeals for the Seventh Circuit from the District Court's Judgment (Doc. 13) entered October 6, 2022, dismissing the case for the reasons set forth in the Decision and Order (Doc. 12).

The counsel of record for the Plaintiff on appeal will be Richard Esenberg. Daniel Lennington will also be serving as appellate counsel.

Dated: October 7, 2022

WISCONSIN INSTITUTE FOR LAW & LIBERTY
Attorneys for Plaintiff

Rick Esenberg
*rick@will-law.org*

*/s/ Daniel P. Lennington*
Daniel P. Lennington
*dan@will-law.org*
330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202-3141
PHONE: 414-727-9455
FAX: 414-727-6385

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BROWN COUNTY TAXPAYERS ASSOCIATION,

      Plaintiff,

    v.                                                       Case No. 22-C-1171

PRESIDENT JOSEPH R. BIDEN, JR.,
SECRETARY OF UNITED STATES DEPARTMENT
OF EDUCATION MIGUEL A. CARDONA,
CHIEF OPERATING OFFICER OF FEDERAL
STUDENT AID RICHARD A. CORDRAY, and
UNITED STATES DEPARTMENT OF EDUCATION,

      Defendants.

## DECISION AND ORDER

On October 4, 2022, Plaintiff Brown County Taxpayers Association filed this lawsuit against Defendants President Joseph R. Biden, Jr., the Secretary of the United States Department of Education, the Chief Operating Officer of Federal Student Aid, and the United States Department of Education. Plaintiff seeks to enjoin Defendants from forgiving and/or canceling federal student loan debt according to the One-Time Student Loan Debt Relief Plan. The program is purported to be authorized by the Higher Education Relief Opportunities for Students Act of 2003 (HEROES Act), which grants the Secretary of Education authority to "waive or modify any statutory or regulatory provision applicable to the student financial assistance programs under title IV of the Act as the Secretary deems necessary in connection with a war or other military operation or national emergency." 20 U.S.C. § 1098bb(a)(1); *see also Slip Opinion: Use of the HEROES Act of 2003 to Cancel the Principal Amounts of Student Loans*, THE UNITED STATES DEPARTMENT

OF JUSTICE (Aug. 23, 2022), *available at* https://www.justice.gov/olc/opinion/use-heroes-act-2003-cancel-principal-amounts-student-loans.

Plaintiff alleges that Defendants, as executive branch officials, have usurped congressional powers under Article I, section 8 of the Constitution and created a program that obligates federal taxes and erases federal assets without any authority. Compl. ¶¶ 32–34. Plaintiff further alleges that Defendants created the One-Time Student Loan Debt Relief Plan with the express purpose of advancing "racial equity," meaning that the purpose of the program is to "narrow the racial wealth gap" by helping "black students," "black borrowers," and "other borrowers of color." *Id.* ¶ 40. Finally, Plaintiff alleges that the Plan violates the Administrative Procedures Act (APA) because it exceeds the authority granted the executive branch by the HEROES Act, 20 U.S.C. § 1098ee(2). *Id.* ¶¶ 43–45. Based upon these allegations, Plaintiff asserts three separate claims: Count I, Violation of the Constitutional Separation of Powers; Count II, Violation of Equal Protection Doctrine; and Count III, Violation of the APA. The case is before the court on Plaintiff's motion for a temporary restraining order and motion for a preliminary injunction.

In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Specifically, a plaintiff must show that "(1) without this relief, it will suffer 'irreparable harm'; (2) 'traditional legal remedies would be inadequate'; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018)). If a plaintiff makes such a showing, the court proceeds to a balancing analysis, to determine whether the balance of harm favors the moving party or whether the harm to other parties or the public sufficiently outweighs the movant's interests. *Id.* Before turning to the merits of the motions, however, the court must first address the jurisdictional requirement of whether Plaintiff has standing to pursue this action.

Federal courts do not have jurisdiction to decide every legal question that may arise. Instead, Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies" brought by litigants who demonstrate standing. U.S. Const. art. III, § 2, cl. 1. The doctrine of standing is not an esoteric doctrine that courts use to avoid difficult decisions; it "serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "In light of this 'overriding and time-honored concern about keeping the Judiciary's power within its proper constitutional sphere, we must put aside the natural urge to proceed directly to the merits of an important dispute and to "settle" it for the sake of convenience and efficiency.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704–05 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 820 (1997)) (alterations omitted). "The familiar 'triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement.'" *Gracia v. SigmaTron Int'l Inc.*, 986 F.3d 1058, 1064 (7th Cir. 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998)). The plaintiff bears the burden of establishing each element. *Id.* (citation omitted).

Plaintiff asserts that it has taxpayer standing. The Supreme Court has repeatedly held, however, that "the payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 593 (2007); *Frothingham v. Mellon*, 262 U.S. 447 (1923); *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125 (2011). The "effect upon future taxation," the Court explained, is too "remote, fluctuating and uncertain" to give rise to the kind of redressable personal injury required under Article III. *Frothingham*, 262 U.S. at 487. Moreover, "if every federal taxpayer could sue to challenge any Government expenditure, the federal courts would cease to function as courts of law and would be cast in the role of general complaint bureaus." *Hein*, 551 U.S. at 593.

The Supreme Court carved out an exception to this general rule against federal taxpayer standing in *Flast v. Cohen*, 392 U.S. 83 (1968). There, the Court held that "taxpayers have standing to raise Establishment Clause challenges to specific congressional exercises of the Article I, Section 8 taxing and spending power." *Laskowski v. Spellings*, 546 F.3d 822, 826 (7th Cir. 2008) (citing *Flast*, 392 U.S. at 102–03). But the exception carved out by the Court in *Flast* is extremely narrow. *Hein*, 551 U.S. at 609 ("We have declined to lower the taxpayer standing bar in suits alleging violations of any constitutional provision apart from the Establishment Clause.") It does not even apply in all Establishment Clause cases. "Only when a taxpayer challenges a specific congressional appropriation—not a government program or activity funded from general appropriations—will the link to the Article I, Section 8 taxing and spending power be sufficient to support standing under *Flast*." *Laskowski*, 546 F.3d at 826 (citing *Hein*, 551 U.S. at 610; *Flast*, 392 U.S. at 102–03).

Even the narrow exception created in *Flast* has been the subject of much criticism. *See Hein*, 551 U.S. at 618, 637 (Scalia, J., concurring) ("*Flast* is wholly irreconcilable with the Article III restrictions on federal-court jurisdiction that this Court has repeatedly confirmed are embodied in the doctrine of standing. . . . *Flast* should be overruled."); *Winn*, 563 U.S. at 146–47 (Scalia, J., concurring) ("*Flast* is an anomaly in our jurisprudence, irreconcilable with the Article III restrictions on federal judicial power that our opinions have established. I would repudiate that misguided decision and enforce the Constitution.").

Notwithstanding the fact that the exception to the general rule against federal taxpayer standing has been sharply limited and criticized, Plaintiff seeks to take advantage of and expand that narrow exception. Plaintiff concedes that "no court has yet to apply *Flast* as advocated here." Dkt. No. 6 at 17. Nevertheless, Plaintiff contends that "*Flast*'s two-part test remains good law and that no Supreme Court decision has slammed the door on application of that test outside of the

4

Establishment Clause context." *Id.* But Plaintiff is mistaken: "the Supreme Court has now made it abundantly clear that *Flast* is not to be expanded at all." *Laskowski*, 546 F.3d at 826. This court certainly has no authority to do so.

In the absence of standing, Plaintiff's case must be dismissed for lack of jurisdiction. The court also notes, however, that even if Plaintiff did have standing, it is unclear that the preliminary relief Plaintiff seeks would be appropriate. A substantial question remains as to whether Plaintiff can demonstrate that it will suffer irreparable harm. If, as Plaintiff alleges, the executive branch lacks all authority to void student debts in the manner proposed, Defendants' action may be void or voidable. If that is so, a future administration may not be bound by such actions and may seek to collect the purportedly forgiven debts. The authority of the executive branch to take such action would likely be an issue in any such future collection action. Because Plaintiff lacks standing, that issue is not before the court at this time. Those seeking to take advantage of the program, however, may wish to consider this possibility before placing undue reliance on the benefits promised.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** for lack of standing. Plaintiff's motions for a temporary restraining order and for a preliminary injunction are **DENIED as moot**. Plaintiff's motion to stay pending appeal is **DENIED**. The Clerk is directed to enter judgment forthwith.

Dated at Green Bay, Wisconsin this 6th day of October, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

# United States District Court

EASTERN DISTRICT OF WISCONSIN

BROWN COUNTY TAXPAYERS
ASSOCIATION,

        Plaintiff,

    v.

**JUDGMENT IN A CIVIL CASE**
Case No. 22-CV-1171

PRESIDENT JOSEPH R. BIDEN, JR., et al.,

        Defendants.

---

☐   **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict

☒   **Decision by Court.** This action came before the Court for consideration.

    **IT IS HEREBY ORDERED AND ADJUDGED** that plaintiff takes nothing, and this case is DISMISSED for lack of standing.

                                    Approved:  s/ William C. Griesbach
                                                                 WILLIAM C. GRIESBACH
                                                                 United States District Judge

Dated:  October 6, 2022

                                                                   GINA M. COLLETTI
                                                                   Clerk of Court

                                                                   s/ L. Hanson
                                                                   (By) Deputy Clerk